IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DONALD REYNOLDS,

        Petitioner,

v.                              Case No. 5:20-cv-00070

DAVID L. YOUNG, Warden,
FCI Beckley,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Donald Reynolds' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Petitioner's § 2241 petition (ECF No. 1) and TRANSFER this matter to the United States District Court for the Southern District of Georgia for further proceedings.

**PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM**

A.    **Petitioner's conviction and prior post-conviction filings.**

On April 21, 2006, Petitioner and his co-defendant Alvin Price ("Price") were charged in a criminal complaint in the Southern District of Georgia with armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d). (ECF No. 13, Ex. 1). Petitioner

was subsequently indicted by a federal grand jury sitting in the Southern District of Georgia in a three-count indictment, charging him and Price with armed bank robbery in violation of 18 U.S.C. §§ 2173(a) and 2113(d) and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(i)(A)(iii), and (3). Petitioner was also charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*Id.*, Ex. 2). Following a jury trial on March 6-7, 2007, Petitioner was convicted of all counts. (*Id.*, Ex. 3).

On July 31, 2007, Petitioner was sentenced to a total of 420 months' imprisonment, consisting of 300 months on Count One; 120 months on Count Three, to run concurrently with Count One; and 120 months on Count Two, to be served consecutively to Counts One and Three. (*Id.*, Ex. 4). Petitioner's convictions and sentences were affirmed on appeal on November 3, 2008. (*Id.*, Ex. 5).

Petitioner also filed a motion for relief under 28 U.S.C. § 2255, which was denied on March 17, 2010. (*Id.*, Ex. 6). Petitioner's subsequent motion to alter or amend that judgment was also denied. (*Id.*, Ex. 7). On September 7, 2010, Petitioner's appeal from the denial of his § 2255 motion was denied. (*Id.*, Ex. 8). Petitioner then sought leave to file a second § 2255 motion, which was also denied. (*Id.*, Ex. 9). None of these post-conviction motions, all of which pre-dated the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), challenged the sufficiency of Petitioner's § 922(g)(1) conviction.

B.  **The instant petition for writ of habeas corpus.**

On January 29, 2020, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, in which he contends that, in light of the Supreme Court's new interpretation of 18

U.S.C. § 922(g)(1) in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requiring proof beyond a reasonable doubt that a defendant knew of his status as a felon at the time he possessed a firearm, he is "actually and factually innocent" of his § 922(g)(1) conviction. (ECF No. 1 at 6). Petitioner further contends that, because this is a new rule of statutory interpretation, and not a new rule of constitutional law, he cannot raise this claim in a second or successive § 2255 motion, but can meet the criteria of § 2255(e) to have his claim reviewed through a § 2241 habeas corpus petition. (*Id.*)

As ordered by the court, on October 6, 2020, Respondent filed a response to the petition (ECF No. 13), and on October 22, 2020, Petitioner filed a reply (ECF No. 14), both of which will be discussed in greater detail *infra*. The matter is fully briefed and ripe for adjudication.

## ANALYSIS

Petitioner's *Rehaif* claim challenges the validity of his § 922(g)(1) conviction, not the execution of his sentence. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. However, Petitioner previously filed an unsuccessful § 2255 motion. Thus, he would likely be procedurally barred from filing another § 2255 motion unless he can satisfy certain limited criteria, which are not met here.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality

of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id*. at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Accordingly, for Petitioner to pursue such relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed <u>such that the conduct of which the petitioner was convicted is deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-334 (emphasis added). If Petitioner cannot satisfy all these factors, the court lacks jurisdiction to consider his claim under § 2241 and his petition

should be dismissed. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

In interpreting the phrase "this circuit," the Fourth Circuit has held that the substantive law of the circuit court in which Petitioner was convicted and sentenced controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.") Here, because Petitioner was convicted in the Southern District of Georgia, Eleventh Circuit substantive law applies to his claim.

When Petitioner was convicted, settled Eleventh Circuit precedent did not require the government to prove that a defendant knew of his prohibited status at the time of possession of a firearm. *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (a defendant does not have to know of his status as a felon to prove that he knowingly possessed a firearm after a felony conviction). However, in *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Thus, Petitioner contends that the Supreme Court's decision in *Rehaif* is an intervening change in substantive law, which renders his conduct "non-criminal." (ECF No. 1 at 6; ECF No. 2 at 1-2). His memorandum in support of his petition asserts:

> Upon the evidence presented at trial, there is insufficient proof Reynolds was aware of his status as a convicted felon, as defined by federal law. The indictment did not contain any allegation that Reynolds was aware of his status prohibiting him from possessing a firearm. Likewise, the only evidence about Reynolds' prior felony convictions presented at trial was a

5

> stipulation of the parties that Reynolds was a convicted felon. *Old Chief v. United States*, 519 U.S. 172 (1997). The stipulation made no mention of Reynolds' knowledge of his status at the time he possessed the firearm. Although he was clearly aware of it at the time of trial. The jury never made the constitutionally required findings that Reynolds was aware of his status as a convicted felon at the time he possessed the firearm.

(ECF No. 2 at 1-2).[1]

Furthermore, *Rehaif* was a decision of statutory interpretation, not constitutional law. Thus, Petitioner cannot satisfy the gatekeeping provisions to raise this claim in a second or successive § 2255 motion. *See In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (per curiam) ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam)). Thus, Petitioner contends that he can satisfy all three prongs of *Jones* to obtain habeas relief under § 2241 through the savings clause.

Respondent, on the other hand, asserts that Petitioner cannot meet all three prongs of the *Jones* test necessary to use the savings clause to obtain relief under § 2241. Specifically, Respondent contends that Petitioner cannot meet the second prong of *Jones* because the conduct of which he was convicted remains criminal and, since he was actually a felon in possession of a firearm, he cannot demonstrate "factual innocence" of his § 922(g)(1) offense. (ECF No. 13 at 8). Respondent also contends that Petitioner cannot demonstrate that the omission of this additional *mens rea* element had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). His response further asserts:

---

[1] As will be discussed *infra*, no stipulation about Petitioner's prior conviction was entered or read to the jury at trial. Rather, a government agent simply introduced and testified about a certified copy of Petitioner's prior record of conviction.

> Where a rational juror could have inferred from the evidence that Petitioner knew of his status at the time of his possession of the firearm, omission of the element did not have a "substantial or injurious effect" on the outcome of the proceedings below. Petitioner has offered no evidence to show a substantial or injurious effect; thus, he fails to meet his burden of satisfying the third prong.

(ECF No. 13 at 9). Thus, Respondent asserts that Petitioner cannot demonstrate a "fundamental defect" in his conviction resulting in a "miscarriage of justice" and there is no basis to vacate his conviction. (*Id.*)

The Supreme Court recently decided *Greer v. United States*, 141 S. Ct. 2090, 2097 (June 14, 2021), which held that a defendant who had stipulated to his felon status did not demonstrate that his substantial rights were affected due to a *Rehaif* error in jury instructions.[2] The *Greer* majority further noted:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . .

---

2 The *Greer* Court overruled the Fourth Circuit's finding of structural error and held that, "in felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. Moreover, since *Rehaif* was decided, a number of courts within the Eleventh Circuit have held that being a felon in possession of a firearm is still a valid criminal offense and substantial rights have not been violated where a defendant has admitted to that conduct. *See Old Chief v. United States*, 519 U.S. 172, 185-89 (1997) (holding that, where a § 922(g)(1) defendant stipulates to his felon status, the probative value of evidence about his prior convictions is substantially outweighed by the danger of unfair prejudice under Rule 401 of the Federal Rules of Evidence); *see also United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020) (with stipulation of felon status, omission of instruction on knowledge of status element did not affect substantial rights or fairness of trial)*; United States v. Reed*, 941 F.3d 1018 (11th Cir. Oct. 28, 2019) (omission of the knowledge-of-status element from an indictment charging a violation of 922(g) did not amount to an error that affected the defendant's substantial rights or the fairness, integrity, or public reputation of his trial where defendant stipulated to his status as a felon and his knowledge that he was barred from having a firearm); *Shepard v. Dobbs*, No. 4:20-cv-2302-RMG-TER, 2020 WL 7001012, at *4 (D.S.C. Sept. 23, 2020), *report and recommendation adopted*, 2020 WL 6018923 (D.S.C. Oct. 12, 2020), *aff'd*, No. 20-7566, 2022 WL 127904 (4th Cir. Jan. 13, 2022) (denying *Rehaif* claim under Eleventh Circuit authority). Thus, in accordance with the Supreme Court precedent in *Greer,* the Eleventh Circuit has made it clear that "where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights." *McLellan*, 958 F.3d at 1119 (citing *Reed*, 941 F.3d at 1022).

> based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [*United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020)] (Wilkinson, J., concurring in denial of reh'g en banc) . . . A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden . . . of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* Although *Greer* was decided on direct review, to succeed with his claim on collateral review, Petitioner must similarly demonstrate that, had the jury been properly advised of the *mens rea* requirement concerning knowledge of his status as a felon at the time he possessed the firearm, it would not have convicted him of that offense. Thus, in this habeas proceeding, Petitioner has the burden of establishing that "in light of all the evidence," there is a "reasonable probability" that the jury would not have convicted him. *Greer*, 141 S. Ct. at 2097; *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998) ("actual innocence is factual innocence, not legal insufficiency").

Petitioner's reply brief asserts: (1) that "the intervening change in law requires the introduction of knowledge of status;" (2) that "the government could have and chose not to present any evidence to the contrary either inside or outside the record;" and (3) that "any reasonable juror faced with 'no' evidence of Petitioner's knowledge-of-status would not have found him guilty." (ECF No. 14 at 2-3). His reply brief further asserts that, prior to his current federal sentence, he had never served any time in jail or prison. (*Id.* at 2). Thus, he appears to suggest that he did not know that he had been sentenced to a crime subject to a punishment of more than a year in prison and, thus, he contends that "a clear showing of actual innocence has been made." (*Id.* at 3).

8

At his trial, Petitioner did not stipulate to his prior conviction. Rather, the government presented ATF agent Randy Beech as a witness who presented a certified copy of the state court record from Petitioner's prior conviction for possession of cocaine, which apparently did indicate that he was convicted of a felony. (*See* excerpt of trial transcript attached hereto as Court's Exhibit A). However, Beech's testimony in no way indicated Petitioner's acknowledgement that his prior conviction was a felony or had a potential sentence of over one year. Additionally, there is nothing in the record, as presented to this court, indicating that Petitioner had previously been advised of and acknowledged that his prior offense was a felony, such as through a guilty plea or stipulation. Moreover, Petitioner has suggested that he did not serve any jail time from which a jury could infer that he should have known he had been convicted of a felony. Consequently, there is an absence of evidence in the record from which the jury could infer the knowledge of status element.

Although being a felon in possession of a firearm is still a criminal offense, there is an absence of evidence to demonstrate that Petitioner's conduct met all the essential elements of that offense and was, thus, "criminal." Therefore, the undersigned finds that there is a reasonable probability, given the additional *mens rea* element requiring proof of his knowledge of his status, that the jury would not have convicted him based upon the evidence of record.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner can satisfy the *Jones* criteria and, thus, he has demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, his claim is

proper for consideration under 28 U.S.C. § 2241 and he is entitled to habeas corpus relief on his *Rehaif* claim.[3]

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Petitioner's § 2241 petition (ECF No. 1) and **TRANSFER** this matter to the United States District Court for the Southern District of Georgia for further proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

---

[3] Because Petitioner's 120-month sentence for his § 922(g) conviction was ordered to run concurrent with his 300-month sentence for his armed robbery convictions, and his 120-month sentence on his § 924(c) conviction was statutorily required to be run consecutive to the other sentences, the granting of habeas corpus relief herein does not appear to affect the length of Petitioner's aggregate sentence. Therefore, the only available relief appears to be the vacatur of the § 922(g) conviction and a determination of whether Petitioner should be retried on that count.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

<u>February 1, 2023</u>

Dwane L. Tinsley
United States Magistrate Judge